SWANN *vs.* SHEMWELL.—June, 1828.

Though regularly a sheriff in taking goods under a writ of replevin, should summon the defendant according to the mandate of the writ, yet if he neglects to do so, and the defendant voluntarily appears in court, and defends the suit, the omission by the sheriff to summon him is thereby cured.

So where to a writ of replevin, the sheriff made no return, and an *alias* writ was issued, to which the sheriff made a return "*Eloigned*," and the plaintiff then sued out a *capias in withernam*, to which the sheriff returned, "replevied and delivered, as per schedule," and the defendant then appeared, pleaded to the plaintiff's declaration, and went to trial—*Held*, that it was too late for the defendant to object, that there was no return to the summons in the writ of replevin, nor day given him in court.

A *capias in withernam* is not a proceeding in the replevin, but as a punishment on the taker or distrainer of the goods mentioned in the replevin, for his improper conduct in putting them out of the way, so that the replevin cannot be proceeded in.

If the defendant before the return of the *withernam*, appears to the writ of replevin, and offers to plead *non cepit*, it will stay the *withernam*, as he is not concluded by the return of an *elongavit*.

The only return which the sheriff can make, where the goods cannot be found, is "*Eloigned*."

APPEAL from *Saint-Mary's* County Court. Action of replevin for a bay colt, brought by the now appellant, against the appellee, on the 19th of January 1824. A writ of replevin in the usual form issued to replevy the colt, and to give notice to the defendant, &c. There was no return made to the first writ, and an *alias* writ was issued, to which the sheriff made a return "*Eloigned*." On motion of the plaintiff a writ of *withernam* was granted to her, and issued, to which the sheriff returned "*replevied and delivered as per schedule*." The schedule was the appraisement of "one bay horse, $30." The defendant then appeared, &c. To the declaration the defendant pleaded, 1. Property in himself. 2. Property in *William Saunders*, with a traverse, &c. To these pleas there were the general replications, and issues were joined. Verdict on both issues for the plaintiff. The defendant moved the court in arrest of judgment on the verdict, and that it might be set aside, upon the point saved at the trial. The Court, [*Key* and *Plater*, A. J.] were of opinion, that there ought to have been a return to the summons in the writ of replevin, to give the defendant a day in court to be heard—therefore the writ of *withernam* irregularly issued. This being a point reserved by the court, with the consent of the parties at the trial, the verdict is set aside, and

this suit *non prossed.* Judgment was then entered for the defendant, for a return of the goods taken in *withernam,* with costs. From which judgment the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, and DORSEY, J. by

*Ashton,* for the Appellant; and by
*Magruder,* for the Appellee.

BUCHANAN, Ch. J. delivered the opinion of the Court. It appears in this case, that a *capias in withernam* was sued out on a return by the sheriff to a writ of replevin, that the goods were *eloigned,* and that on the return of the *withernam,* there was a voluntary appearance by the defendant in the replevin; which case was thereupon regularly proceeded in to trial, and verdict for the plaintiff. But the verdict was set aside by the court, and the plaintiff *non prossed,* and judgment for costs entered for the defendant, on the ground, as stated, that the writ of *withernam* was irregularly issued, because it did not appear that the sheriff had summoned the defendant in the replevin. We do not, however, think, as the case is presented to us, that there was sufficient ground for the decision of the court.

Whether the *capias in withernam* irregularly issued or not, was not a question properly before the court. The subsequent proceedings and trial were not founded upon the *withernam,* but were in the action of replevin; and though regularly the sheriff, in taking the goods in the replevin, should summon the defendant according to the mandate of the writ, yet if he neglects to do so, and the defendant voluntarily appears in court and defends the suit, as was done in this case, the omission by the sheriff to summon him, is thereby cured.

The object of the summons is to bring him into court, to answer why he took the property mentioned in the replevin; and if he chooses to appear and plead to issue, without being summoned, he thereby waives all objection to the want of the formal notice prescribed by the writ; and it does not lie with him afterwards to say, that he was not summoned by the sheriff, and that no day was given him in court. The *capias in withernam* is not a proceeding in the replevin, but as a punishment

on the taker or distrainer of the goods mentioned in the replevin, for his improper conduct in putting them out of the way, so that the replevin cannot be proceeded in. "It is distress against distress; one being taken to answer the other by way of reprisal." If the defendant, before the return of the *withernam*, appears to the writ of replevin, and offers to plead *non cepit*, it will stay the *withernam*; as the defendant is not concluded by the return of an *elongavit*, (the only return the sheriff can make, where the goods cannot be found,) the sheriff's being unable to find them not being of itself such proof that they were *eloigned* by the defendant, (which could not be unless he also took them,) as to subject him to the irrepleviable distress by writ of *withernam*, except when he holds out, and will not appear to the writ of replevin, to show that he did not take them. But all this has nothing to do with the proceedings in the replevin, which if in themselves regular, progress as if no *withernam* had issued, and are unaffected by any irregularity in the issuing or return of the *withernam*; which is a proceeding separate and distinct from the replevin.

We therefore think, there was no sufficient ground in this case, growing out of any supposed irregularity in issuing the *capias in withernam*, for setting aside the verdict; and that the plaintiff was entitled to a judgment on the verdict.

JUDGMENT REVERSED, AND JUDGMENT FOR THE APPELLANT ON THE VERDICT, &c.